Kenneth Cedric SCOTT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–570.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1980.

Ronald H. Mook, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., F. K. Serfield, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Kenneth Cedric Scott, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–78–1718, of the offense of Robbery With Firearms, Af-

ter Former Conviction of a Felony, in violation of 21 O.S.1971, § 801, and 21 O.S.1971, § 51. His punishment was fixed at thirteen (13) years' imprisonment.

The evidence at trial established that on the afternoon of July 5, 1978, "The Old, The New, The Different" store in Tulsa was robbed by two men, one of whom was armed with a pistol. Nancy Freeman, salesclerk at the store, testified that the defendant and another male came into the store and browsed. Shortly thereafter, the defendant left the store and the second man hid behind a clothes rack. The defendant came back and the second man jumped out from behind the clothes rack and stuck a gun in her face. Ms. Freeman and another clerk were escorted to the back of the store and ordered to lie down on the floor. Ms. Freeman's watch was removed from her arm and a cash box and a handgun were taken from the store.

During the investigation of the robbery, suspicion became focused on the defendant. Detective Eslick of the Tulsa Police Department left word at the defendant's residence for the defendant to contact the police. The defendant called Detective Eslick, who advised him that he was a suspect in a robbery, and Detective Eslick requested that he come to the police station to be in a lineup. The defendant complied with the request and executed waivers of his constitutional rights, including his right to an attorney at the lineup.

A lineup was conducted, and Ms. Freeman identified the defendant. The defendant made an oral statement, admitting that he had gone to the store with a companion for the purpose of "till tapping." On being advised that this account did not agree with the statements of the victims, the defendant denied any knowledge of the robbery.

The defendant asserts in his first assignment of error that the trial court erred in overruling his motion to quash his arrest and suppress the in–court identification and confession. The defendant argues that his compliance with the officer's request that he come to the police department constitut-

ed an arrest without probable cause. The defendant further argues that because the initial arrest was illegal the subsequent identification and confession should have been suppressed as "fruits of a poisonous tree." The defendant cites as authority *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

We are of the opinion that this assignment of error is wholly without merit. In *Castellano v. State*, Okl.Cr., 585 P.2d 361 (1978), we adopted the definition of an arrest as that found in 6A C.J.S. Arrest, § 2, as follows:

"[T]he taking, seizing, or detaining the person of another either by touching, or by any act which indicates an intention to take him into custody and subject the person arrested to the actual control and will of the person making the arrest, or any deprivation of the liberty of one person by another or any detention of him, for however short a time, without his consent, and against his will, whether it was by actual violence, threats, or otherwise. . . ." (Footnotes omitted)

In the instant case, the evidence is uncontradicted that the defendant's appearance at the police station was voluntary. He called Detective Eslick and agreed to come to the police station to stand in a lineup. The defendant was not detained while he was at the station awaiting the lineup and he would have been permitted to leave had he been so inclined. It was not until he was identified by Ms. Freeman that he was placed under arrest. The identification of the defendant as a participant in the robbery at the lineup constituted probable cause for his arrest. The defendant's arrest was not illegal, and it necessarily follows that his subsequent identification and admissions do not fall within the "fruit of a poisonous tree" rule.

The defendant further urges under this assignment of error that his in-court identification was tainted by pretrial pictorial lineup procedures which were unnecessarily suggestive. The defendant bases his claim on the testimony that when Ms. Freeman was presented with a series of photographs, shortly after the robbery, she identified the photograph of a person other than the defendant. We agree that the record so reflects; however, the record further reflects that the defendant's picture was not contained in that series of photographs. There were two subjects involved in the robbery and it is not illogical to presume that the witness was identifying the second person rather than misidentifying the defendant. The witness positively identified the defendant at the lineup at the police station and a subsequent lineup conducted in the trial court prior to trial. Considering the totality of the circumstances, including the length of observation of eight to nine minutes in daylight, we do not feel that there was a substantial likelihood of irreparable misidentification by the witness. See *Randleman v. State*, Okl.Cr., 552 P.2d 90 (1976).

The defendant further alleges that he did not voluntarily submit to the lineup. This proposition is patently frivolous. The evidence, again, is uncontradicted that he was advised of his constitutional rights and specifically executed a form waiving his right to an attorney at the lineup. The record is devoid of any evidence whatsoever that the defendant's decision to stand in the lineup was not voluntarily and intelligently made.

The defendant contends in his final assignment of error that the trial court erred when the burden of proof was placed on the defense at the hearing on the motion to quash the arrest and suppress the confession. Although this assignment of error is moot in that we have previously found that probable cause existed for the defendant's arrest and that the admission was not the fruit of a poisonous tree, we find that the record does not support the defendant's contention. The record shows that the trial court merely held that it was the duty of the defendant to offer evidence in support of his motion to quash the arrest and suppress the admission, leaving the burden of proof on the voluntariness of the admission on the State. See *Ruhm v. State*, Okl.Cr., 496 P.2d 809 (1972).

Having found no error requiring modification or reversal, we are of the opinion that the judgment and sentence should be and is, accordingly, *AFFIRMED.*

CORNISH, P. J., concurs in results.

BRETT, J., concurs.